# United States District Court
# Central District of California
# Western Division

| | |
|---|---|
| JOHN SOLOMON, *et al.*, | CV 20-00575 TJH (SHKx) |
| Plaintiffs, | |
| v. | |
| JEFFERSON INSURANCE COMPANY, *et al.*, | **Order** **JS-6** |
| Defendants. | |

The Court has considered motion of Plaintiffs John Solomon and Jeanine Solomon [collectively, "the Solomons"] to remand, together with the moving and opposing papers.

In 2019, the Solomons spent approximately $34,000.00 on a trip to South Africa and purchased a travel insurance policy ["the Policy"] from Defendants Jefferson Insurance Company and AGA Service Company [collectively, "the Insurance Companies"]. The Solomons cancelled their trip after their son became ill and was hospitalized. Consequently, the Solomons tendered a claim to the Insurance Companies. Thereafter, the Insurance Companies denied the claim.

On February 11, 2020, the Solomons filed this bad faith action against the

Insurance Companies in the Superior Court of California, County of San Bernardino. On March 19, 2020, the Insurance Companies removed based on diversity jurisdiction.

The Solomons, now, move to remand.

This Court has diversity jurisdiction over civil actions between parties who are citizens of different states where the action involves an amount in controversy that exceeds $75,000.00.  28 U.S.C. § 1332.  As the removing parties, the Insurance Companies bear the burden of establishing that this Court has subject matter jurisdiction.  *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Any doubt about the right of removal must be resolved in favor of remand.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

The Insurance Companies failed to establish that the amount in controversy, here, exceeds $75,000.00.  The Insurance Companies argued that, in addition to the amount set forth under the Policy, the Solomons could recover punitive damages and attorneys fees.  While the Court must take into account potential punitive damages and attorneys' fees in determining the amount in controversy, the Insurance Companies' bare assertion that the potential amount of punitive damages and attorneys' fees, here, makes the amount in controversy in excess of $75,000.00 is, at best, speculative and conclusory.  *See generally, Sanchez v. Ford Motor Co.*, CV 18-08023-RGK-SKx, 2018 WL 6787354, *1 (C.D. Cal. Dec. 4, 2018).  Indeed, the Insurance Companies' listing of various verdicts in other, factually dissimilar, bad faith cases in their opposition brief does nothing to establish that the amount in controversy in the instant case exceeds $75,000.00.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to remand be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

Date: August 19, 2020

_____
𝕿𝖊𝖗𝖗𝖞 𝕵. 𝕳𝖆𝖙𝖙𝖊𝖗, 𝕵𝖗.
𝕾𝖊𝖓𝖎𝖔𝖗 𝖀𝖓𝖎𝖙𝖊𝖉 𝕾𝖙𝖆𝖙𝖊𝖘 𝕯𝖎𝖘𝖙𝖗𝖎𝖈𝖙 𝕵𝖚𝖉𝖌𝖊